[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 609.]

IN RE APPLICATION OF IRELAND-PHILLIPS.

[Cite as *In re Application of Ireland-Phillips*, 1995-Ohio-63.]

*Attorneys at law—Application to register as candidate for admission to the practice of law—Application denied when applicant has not sufficiently demonstrated present character and fitness to practice law.*

(No. 94-2381—Submitted January 10, 1995—Decided March 22, 1995.)

ON REPORT of the Board of Commissioners on Character and Fitness, No. 111.

———————————

{¶ 1} Karen S. Ireland-Phillips applied to register as a candidate for admission to the practice of law in Ohio in August 1993. She applied to take the February 1994 Ohio Bar Examination in November 1993.

{¶ 2} Members of the Joint Bar Admissions Committee of the Cleveland and Cuyahoga County Bar Associations interviewed Ireland-Phillips in December 1993; however, her answers to their questions about her application for admission caused them to suspect her candor. The interviewers reported their suspicions to the committee, which recommended disapproval of Ireland-Phillips's application. She appealed to the Appeals Subcommittee of the Cleveland Bar Association, which also recommended disapproval of her application and denial of her request to take the Bar exam.

{¶ 3} On Ireland-Phillips's further appeal, a panel of the Board of Commissioners on Character and Fitness ("board") heard the matter on August 19, 1994. Evidence submitted for the panel's review established that Ireland-Phillips did not respond honestly to one question on her registration application.

{¶ 4} Question 12(a)(1) inquired about the applicant's prior involvement in civil legal proceedings. Ireland-Phillips answered, in part, as follows:

"Society National Bank vs. Karen S. Ireland-Phillips. Case Number 88 CV F35237.  Filed 1988, date unknown.  I cashed a check for Joyce Robinson, a long-term friend of my roommate's, who had done painting work for Daniel Boros' company at Case Western Reserve.  She told me that the check was payment for the work that she had done, and that he had signed it over to her.  I did not receive any money from the chec—I gave it to Joyce.  In the meantime, I moved and changed banks, and Joyce moved to California.

"Daniel Boros signed an affidavit stating that the endorsement was forged, but I [did] not receive notification until Weltman, Weinberg & Associates filed suit for Society.  I was advised by attorneys * * * that I didn't have any good defenses and would have to pay and then recover from Joyce Robinson.  A consent judgment entry was filed, and the debt fully paid. * * *"

{¶ 5} Ireland-Phillips told her initial interviewers a similar story , but admitted this representation was not true before the Appeals Subcommittee and at the panel hearing.  Before the panel,  Ireland-Phillips confessed that (1) Frances Washington deposited the Boros check into Ireland-Phillips's account and only told her about the check and deposit later, and (2) Washington also withdrew the funds from Ireland-Phillips's checking account.  Ireland-Phillips lied about this event on her application and to the interviewers, according to her testimony, because she feared the truth would somehow reveal the romantic relationship between Washington and herself.

{¶ 6} The panel acknowledged Ireland-Phillips's explanation for her lack of candor.  However, several non sequiturs in Ireland-Phillips's presentation prevented the panel's complete confidence in her revised version of how the Boros check was negotiated.  First, the Boros check was written for $2,000, an amount too large to go unnoticed for long in Ireland-Phillips's checking account, given her poor finances at the time.  Second, the panel found it unlikely that neither Robinson nor Washington knew or told  Ireland-Phillips of the forged endorsement, although

Ireland-Phillips testified that they did not. Third, the panel was unsettled that Ireland-Phillips made no attempt to recover from either Washington or Robinson when she was sued. The panel also wondered why Ireland-Phillips's case-in-chief did not include corroborative testimony from Washington, with whom Ireland-Phillips was still involved.

{¶ 7} Still, the panel was impressed with the assurances of Ireland-Phillips's character and fitness offered by her professional acquaintances, law professors, and friends through testimony and many letters. The panel concluded that she was essentially honest, but that "she ha[d] not shown that she possesses the requisite character and fitness to practice law." The panel therefore recommended that Ireland-Phillips's application be denied, but that she be permitted to reapply one year after the adoption of its recommendation.

{¶ 8} The board adopted the panel's findings, but modified its recommendation to allow Ireland-Phillips's reapplication for the February 1996 Bar examination.

_____

*Koblentz & Koblentz, Richard S. Koblentz* and *Peter A. Russell*, for applicant.

*Kuepper, Walker, Hawkins & Chulick* and *Richard R. Kuepper*; and *Mary L. Cibella*, for the Cleveland and Cuyahoga Joint Committee on Bar Admissions.

_____

*Per Curiam.*

{¶ 9} Having carefully reviewed the record, we agree that Karen S. Ireland-Phillips has not sufficiently demonstrated her present character and fitness for admission to the practice of law in Ohio. Accordingly, we adopt the board's findings and its recommendation that she be precluded from reapplying for admission to the Ohio Bar until necessary to take the February 1996 Bar examination.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____